## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB as Trustee of Stanwich Mortgage Loan Trust A,**<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>**BERYL OTIENO-NGOJE,**<br><br>     **Defendant.** | Civ. No. 2:16-5631 (WJM)<br><br>**OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Wilmington Savings Fund Society ("Plaintiff") brings this action against Defendant Beryl Otieno-Ngoje ("Defendant"), alleging counts of conversion, unjust enrichment and fraud, in connection with Defendant's purported illegal appropriation of insurance proceeds.  This matter comes before the Court on Plaintiff's motion for a preliminary injunction under Federal Rule of Civil Procedure 65 to enjoin Defendant from further dissipating the insurance funds in question.  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Plaintiff's motion for a preliminary injunction is **GRANTED**.

### I.     BACKGROUND

Plaintiff is a federal savings bank with its principal place of business in Wilmington, Delaware.  Compl. ¶ 1, ECF No. 1.  Defendant is an adult individual and New Jersey resident.  *Id.* at ¶ 2.  In 2009, Defendant bought a residential property ("Property") in Orange, New Jersey, which was subject to a mortgage at the time of its purchase.  *See* Pl.'s Mem. of Law in Supp. of Mot. for Prelim. Inj. ("Pl.'s Mem.") 1–2, ECF No. 3.  Through various sales and assignments, Plaintiff came to be the owner of that mortgage in December 2015.  *See id.* at 2.

On a date unknown to Plaintiff, the Property was damaged by a fire.  *Id.* at 3.  In early 2016, Defendant made an insurance claim for the fire damage to Liberty Mutual Insurance Company ("Liberty Mutual").  *Id.*  Liberty Mutual approved the claim and issued two checks in May and July of 2016 for the amount of $292,638.46 and $47,906.16, respectively.  *Id.*  The checks were jointly payable to three payees: (1) Defendant; (2) Carrington Mortgage Services, Plaintiff's agent and mortgage servicer (the "Servicer");

and (3) D. Simon & Associates LLC, Defendant's adjuster (the "Adjuster"). *Id*. The Adjuster endorsed both checks on its own behalf and delivered them to Defendant, who thereafter purportedly deposited the checks into her personal bank account. *Id*.

On September 16, 2016, Plaintiff filed a complaint in this Court, alleging that Defendant had absconded with $340,544.62 in insurance proceeds, which belonged to Plaintiff pursuant to its mortgage on the property. *See* Compl. at ¶¶ 21–30, 35. Plaintiff contends that Liberty Mutual issued payment unbeknownst to Plaintiff or the Servicer and that Defendant had forged the Servicer's endorsement on both checks when depositing them into her personal bank account. *See id*. at ¶¶ 22, 26. Plaintiff maintains that it requires the insurance proceeds to repair the damaged Property and that, without them, the Property will continue to deteriorate and result in a hazardous condition. *See id*. at ¶¶ 32–33.

Plaintiff now moves this Court to issue a preliminary injunction, enjoining Defendant from "further dissipating unlawfully obtained insurance proceeds." Pl.'s Mem. at 10. Plaintiff claims that Defendant has been "rapidly spending the insurance proceeds" by using portions of the funds to make down payments on three properties located in New Jersey in July and August 2016. *See id*. at 4. Plaintiff asks this Court to also place a constructive trust and equitable lien on the remaining insurance proceeds in Defendant's possession and on the funds used to purchase the properties that are now in possession of the Essex County Sheriff's Department. *See id*. at 10–11.

Defendant has not responded to the instant motion, nor has she filed an answer to Plaintiff's complaint. The record reflects that Defendant was properly served with the complaint through her counsel on September 29, 2016. ECF No. 4. At Plaintiff's request, an entry of default was filed against Defendant on October 25, 2016, for failure to plead or otherwise defend the complaint. ECF Nos. 6–7. Plaintiff subsequently moved for default judgment on October 28, 2016. ECF No. 8. Defendant recently wrote to this Court, seeking an adjournment of Plaintiff's default judgment motion and indicating that it will oppose. ECF No. 10. Defendant did not reference the instant motion.

## II.    LEGAL STANDARD

A court must consider four factors before granting a preliminary injunction: (1) the moving party's likelihood of success on the merits; (2) irreparable harm to the moving party; (3) the possibility of harm to other interested parties; and (4) the public interest. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989). "'The grant or denial of a preliminary injunction is committed to the sound discretion of the district judge . . . .'" *PNY Techs., Inc. v. Salhi*, No. 12-cv-4916, 2016 WL 4267940, at *1 (D.N.J. Aug. 10, 2016) (quoting *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982)). The Third Circuit has "recognized many times that the grant of injunctive relief is an extraordinary remedy, which should be granted only in limited circumstances." *See Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (citations omitted). A failure to establish any of the four factors "renders a preliminary

injunction inappropriate." *See PNY Techs.*, 2016 WL 4267940, at *1 (citing *ACE Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 730–31 (3d Cir. 2009)).

Where a party seeks injunctive relief concerning a claim of money damages, the general rule is that an injunction will not be issued "prior to the determination of liability and an award of damages." *See Fechter v. HMV Indus., Inc.*, 879 F.2d 1111, 1119 (3d Cir. 1989). Nonetheless, in extraordinary circumstances, injunctive relief can be appropriate where the moving party shows that it will probably be unable to satisfy a judgment without a preliminary injunction. *See Elliot v. Kiesewetter*, 98 F.3d 47, 57–58 (3d Cir. 1996); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 197 (3d Cir. 1990).

## III.   DISCUSSION

Plaintiff contends that there is "a substantial likelihood that Defendant will dissipate all of the insurance proceeds" if this Court does not issue a preliminary injunction, which will render Plaintiff unable to recover the funds that it requires to repair its property. *See* Pl.'s Mem. at 8–9. Plaintiff points to Defendant's use of $163,000.00 of the insurance money to make down payments on three New Jersey properties as evidence of the dissipation. *See id.* Plaintiff asks this Court to view these purchases as proof of the irreparable harm that it will suffer if Defendant is not enjoined. *Id.* The Court agrees with Plaintiff and will grant the preliminary injunction.

"The purpose of a preliminary injunction is to maintain the status quo during the pendency of a litigation." *PNY Techs.*, 2016 WL 4267940, at *2 (citing *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 290 (1940)). "That irreparable harm would occur absent an asset freeze is even more apparent where the very assets subject to a potential judgment will likely be dissipated without entry of the order." *Kiesewetter*, 98 F.3d at 58.

Plaintiff has clearly shown that Defendant has already dissipated a portion of the funds subject to a potential judgment to make down payments on three separate properties. *See* Certification of Sandhya M. Feltes ("Feltes Cert."), Ex. 9, ECF No. 3. Thus, the Court finds that Plaintiff has shown irreparable harm because there is a high likelihood that dissipation will continue without the issuance of a preliminary injunction. *See Kiesewetter*, 98 F.3d at 58. Plaintiff has also shown a likelihood of success on the merits by properly pleading a contractual right to the insurance funds through its ownership of the mortgage. Pl.'s Mem. at 6–8. The balance of hardships favors an injunction because further dissipation would hinder the enforceability of any potential judgment. *See Kiesewetter*, 98 F.3d at 58–59. The public interest is served by preserving a potential judgment against a fraudulent conveyance claim. *See Berger v. Weinstein*, No. 07-cv-994, 2008 WL 191172, at *11 (E.D. Pa. Jan. 23, 2008) ("the prevention of unjust enrichment by means of fraud or misappropriation, even that affecting only private entities, is in the general public interest") (internal quotations omitted). Accordingly, a preliminary injunction is warranted.

**IV.    CONCLUSION**

For the reasons stated above, Plaintiff's motion for a preliminary injunction is **GRANTED**.  An appropriate order follows.


                                    /s/ William J. Martini
                              **WILLIAM J. MARTINI, U.S.D.J.**


**Date: November 17, 2016**