**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY,** **FSB as Trustee of Stanwich Mortgage Loan Trust A,** | Civ. No. 2:16-5631 |
|         **Plaintiff,** | |
|         **v.** | **OPINION** |
| **BERYL OTIENO-NGOJE,**         **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Wilmington Savings Fund Society ("Plaintiff") brings this action against Defendant Beryl Otieno-Ngoje ("Defendant"), alleging counts of conversion, unjust enrichment and fraud, in connection with Defendant's purported illegal appropriation of insurance proceeds. This matter comes before the Court on Plaintiff's motion for default judgment and Defendant's cross-motion to vacate default. Plaintiff also moves for release of funds deposited by the Essex County Sheriff in a trust account. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motions are **DENIED** and Defendant's cross-motion is **GRANTED**.

## I.    BACKGROUND

This case is a dispute over the proper owner of insurance proceeds issued in connection with a residential property damaged by fire. In 2009, Defendant bought the property via quit claim deed from the previous owner for $1.00 of consideration. *See* Cross-Mot. to Set Aside Default 1 ("Def.'s Opp'n"), ECF No. 13-3; Certification of Michael Orozco ¶ 4 ("Orozco Cert."), Ex. B, ECF No. 13-2. At the time of Defendant's purchase, the property was subject to a mortgage under the previous owner's name, Auslene Simon. *See id.* at ¶ 2, Ex. A. At some point, Simon apparently defaulted on her mortgage obligation. In 2012, U.S. Bank National Association, the owner of the mortgage at that time, brought a foreclosure action in New Jersey Superior Court. *See id.* at ¶ 3.

In November 2015, the property was damaged by fire and has henceforth been uninhabitable. *See id.* at ¶ 5. In early 2016, Defendant made an insurance claim for the fire damage to Liberty Mutual Insurance Company ("Liberty Mutual"). *See* Mem. of Law in Supp. of Mot. for Entry of Default J. 2 ("Pl.'s Mot."), ECF No. 8-2. Liberty Mutual approved the claim and issued two checks in May and July of 2016 for the amount of

1

$292,638.46 and $47,906.16, respectively. *Id.* at 2–3. The checks were jointly payable to three payees: (1) Defendant; (2) Carrington Mortgage Services, Plaintiff's mortgage servicer ("Servicer"); and (3) D. Simon & Associates LLC, Defendant's adjuster ("Adjuster"). *Id.* The Adjuster endorsed both checks on its own behalf and delivered them to Defendant, who thereafter deposited the checks into her personal bank account. *Id.*

In December 2015, Plaintiff bought the mortgage from U.S. Bank. *See id.* at 2. Servicing of the mortgage was transferred to the Servicer in January 2016. *Id.* At some point prior to the fire but during the foreclosure proceeding, Defendant claims that the Servicer contacted her via telephone and informed her that it maintained its own insurance policy to cover damage to the property. *See* Orozco Cert. at ¶ 6. Plaintiff is unaware of any insurance on the property other than Defendant's policy, but it does not outright deny that a conversation occurred between Defendant and the Servicer. *See* Br. in Opp'n to Cross-Mot. ("Pl.'s Reply") 2–3, ECF No. 15.

Plaintiff filed its complaint on September 16, 2016, and the record reflects that Defendant was properly served through her counsel on September 29, 2016. ECF Nos. 1, 4. Default was entered against Defendant on October 25, 2016. ECF No. 7. Three days later, Plaintiff filed the instant motion for default judgment. ECF No. 8. On November 16, 2016, counsel requested an extension to respond to the instant motion, apologizing for the delay and explaining that he was occupied with other matters and out of the country on vacation for several weeks prior. *See* ECF No. 10. On November 21, 2016, Defendant filed her opposition to default judgment and cross-moved to vacate default. ECF No. 13. Plaintiff filed its opposition to Defendant's cross-motion and a reply to Defendant's opposition on December 1, 2016. Finally, Plaintiff filed a motion for release of funds held in a constructive trust pursuant to a preliminary injunction issued by this Court. ECF No. 18. This opinion will address both of Plaintiff's motions and Defendant's cross-motion.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs entries of default, providing, in pertinent part: "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The Court must consider three factors in exercising its discretion to either grant or deny a motion to set aside an entry of default: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of defendant's culpable conduct." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citations omitted). The same three factors apply to the Court's consideration of whether to enter a default judgment. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (quoting *$55,518.05*, 728 F.2d at 195). The Third Circuit "does not favor entry of defaults" and "require[s] doubtful cases to be resolved in favor of the party moving to set aside the default [] so that cases may be decided on their merits." *See $55,518.05*, 728 F.2d at 194–95 (quotation omitted).

## III.    DISCUSSION

Defendant raises four defenses in favor of vacating the entry of default: (1) the parties lack privity of contract; (2) Plaintiff has failed to state a claim upon which relief can be granted; (3) Plaintiff has failed to add all proper parties to the dispute; and (4) the terms of the mortgage agreement do not impose the obligations on Defendant that Plaintiff claims. *See* Def.'s Opp'n at 6–7.  Defendant also argues that Plaintiff will not be prejudiced by vacation of default because the Defendant's delay in responding was minimal and the Court's issuance of a preliminary injunction has preserved Plaintiff's potential rights to the amount in controversy. *See id*. at 5–6.  Additionally, Defendant argues that her conduct was not reckless. *See id*. at 12–13.

Plaintiff responds that it is entitled to default judgment because Defendant cannot allege any meritorious defense for the following reasons: (1) Defendant admits all facts supporting judgment in Plaintiff's favor, *see* Pl.'s Reply at 7–11; (2) Defendant is collaterally estopped from challenging the validity of the mortgage, *see id*. at 11–13; and (3) Defendant's defenses are barred by the New Jersey Recording Act ("NJRA"), *see id*. at 13–14.  Plaintiff also argues that Defendant's conduct is culpable because her failure to respond was intentional and that Plaintiff will be prejudiced by vacation of default because it requires the insurance proceeds to repair the property. *See id*. at 13–16.  The Court will consider these arguments under the aforementioned three-factor rubric.

### A.    Prejudice to Plaintiff

Plaintiff's claim that it requires the insurance proceeds to repair the property does not support a finding of prejudice.  "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656–57 (3d Cir. 1982) (citation omitted).  Plaintiff has not asserted that its ability to pursue the claim has been hindered since the entry of default. *See id*. at 657.  This Court has also granted Plaintiff a preliminary injunction, freezing the assets at issue and preventing dissipation.  Plaintiff, therefore, has not been prejudiced by Defendant's late response and this factor favors vacating default. *See id*.

### B.    Meritorious Defenses

A meritorious defense is established when a defendant's allegations would constitute a complete defense, if established at trial. *See $55,518.05*, 728 F.2d at 195. Defendant raises four defenses that would provide complete defenses to Plaintiff's claim on the insurance proceeds.  The Court, therefore, will focus on Plaintiff's arguments that Defendant cannot raise these defenses.

First, Plaintiff asserts that Defendant has admitted all of the facts supporting Plaintiff's allegations because of Defendant's failure to respond to Plaintiff's motion for a preliminary injunction. *See* Pl.'s Reply at 7.  Plaintiff cites Federal Rule of Civil Procedure 8(b)(6), which provides that an allegation is deemed admitted if a responsive pleading is

3

required and the allegation is not denied.  Plaintiff misapplies Rule 8 to a motion for relief from the Court, such as a preliminary injunction.  Defendant was not required to respond to Plaintiff's motion for a preliminary injunction and, therefore, she has not admitted any of Plaintiff's factual allegations by failing to respond to that specific motion.

Second, Plaintiff argues that Defendant is estopped from making any arguments concerning the validity of the mortgage pursuant to the doctrine of *res judicata*.  *See* Pl.'s Reply at 12.  Plaintiff seeks to impose non-mutual offensive collateral estoppel against Defendant.  *See Mann v. Estate of Meyers*, 61 F. Supp. 3d 508, 522–23 (D.N.J. 2014) (defining offensive collateral estoppel).

Collateral estoppel precludes parties from litigating issues at trial where four factors are met: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.  *See Smith v. Borough of Dumore*, 516 F. App'x 194, 199 (3d Cir. 2013).  "Moreover, where, as here, a plaintiff attempts to assert nonmutual offensive collateral estoppel, the procedural posture presents a unique potential for unfairness."  *Id*. (quotation omitted).  District courts "'have broad discretion to determine when to apply non-mutual offensive collateral estoppel.'"  *Id*. (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)).

Here, Plaintiff points to an order from the Superior Court of New Jersey in November 2013, which granted summary judgment to U.S. Bank against Defendant, and a subsequent appellate decision affirming the judgment.  *See* Certification of Sandhya M. Feltes, Exs. 4–5.  The trial court's decision appears to have been issued orally and no transcript was provided to the Court.  The appellate decision affirms U.S. Bank's standing to file the foreclosure complaint, but does not address any other substantive issues that were litigated, nor does it confirm which issues were necessary to the trial court's decision.  This Court, therefore, has no way to determine from the record whether the defenses now raised by Defendant were actually litigated and whether the previous determinations addressing those defenses, if any, were necessary to the trial court's decision.  At a minimum, Plaintiff has failed to establish the second and third factors supporting non-mutual offensive collateral estoppel.  Additionally, the facts have changed considerably since November 2013.  The Court exercises its discretion in rejecting Plaintiff's argument that Defendant should be collaterally estopped.

Third, Plaintiff argues that Defendant's defenses are barred by the NJRA.  The portion of the NJRA cited to by Defendant provides: "Any recorded document affecting the title to real property is, from the time of recording, notice to all subsequent purchasers, mortgagees and judgment creditors of the execution of the document recorded and its contents."  N.J.S.A. 46:26A-12(a).  Plaintiff argues that this portion of the statute makes Defendant a subsequent purchaser, thereby subjecting her to the terms and conditions of Plaintiff's mortgage.  *See* Pl.'s Reply at 14.

Defendant cites to a separate New Jersey statute covering mortgages, which establishes that a purchaser of real estate shall not be deemed to have assumed the debt of an existing mortgage on the property unless expressly stated in writing. *See* N.J.S.A. 46:9-7.1. Plaintiff did not make any argument in its reply addressing this statute, which appears to be in direct conflict with how Plaintiff interprets the NJRA. Furthermore, none of the cases Plaintiff cites to address the applicability of this express writing requirement where, as here, real estate was conveyed via quit claim deed while subject to an existing mortgage.

The Court makes no finding as to whether these statutes are actually conflicting or as to which statute properly applies in the instant case. The Court only notes that real questions of law and fact remain that warrant full litigation. Thus, this factor favors vacating default. *See $55,518.05*, 728 F.2d at 194–95.

### C.    Defendant's Culpability

Plaintiff argues that Defendant's failure to respond was intentional and, therefore, culpable. *See* Pl.'s Reply at 16. Culpable conduct is an action taken willfully or in bad faith. *See Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983). The record does not reflect willful conduct or bad faith on the part of Defendant. To the contrary, it is plainly Defendant's counsel who is responsible for the delayed response. *See* ECF No. 10. Oversights by counsel do not amount to the type of culpability required here. *See Dambach v. United States*, 211 F. App'x 105, 109–10 (3d Cir. 2006). This factor favors vacating default.

### D.    Motion to Release Funds

Finally, Plaintiff moves for the release of funds, which were portions of the insurance proceeds used by Defendant to purchase three properties in Essex County. *See* Certification of Sandhya M. Feltes ¶ 12, ECF No. 18-2. The Sheriff of Essex County distributed the funds to Plaintiff after service of this Court's preliminary injunction order and Plaintiff subsequently deposited them into a trust account. *See id*. at ¶¶ 13–15. As noted, the Court will vacate default and require the parties to fully litigate the issues before it. Plaintiff's request prior to a final judgment on the merits is improper and denied.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's motions for default judgment and release of funds are **DENIED**. Defendant's cross-motion to vacate default is **GRANTED**.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 23, 2017**