# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB as Trustee of Stanwich Mortgage Loan Trust A,<br><br>       Plaintiff,<br><br>    v.<br><br>BERYL OTIENO-NGOJE,<br><br>       Defendant. | Civ. No. 2:16-5631 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

    This matter is before the Court upon the Motion for Leave to Withdraw as Counsel to Defendant Beryl Otieno-Ngoje, ECF NO. [57] ("Motion"). Neither counsel for Plaintiff nor Defendant has filed any opposition to the motion. The Court has reviewed the motion, its attached affidavits, and the record in this case. For the reasons set forth below, the Motion is **GRANTED.**

    Price, Meese, Shulman & D'Armino, P.C. ("Price") has represented Defendant in this matter since March 31, 2016. ECF No. [57-1] ¶ 3. On September 19, 2018, Price filed the instant Motion. In the affidavit in support of the Motion, attorney Michael Orozco of Price represents that for approximately six months his firm has not been able to contact Defendant Otieno-Ngoje unless it threatens withdrawal from the matter, has been unable to meet agreed-to discovery deadlines due to Defendant's lack of cooperation, and has been unable to successfully convey to Defendant that she should not file documents or contact the Court without consultation of counsel. *See* ECF No. [57-1]. The affidavit also states that Price has been unable to collect payment on a "large past due balance" for services rendered. *Id.* ¶ 6. Price is thus no longer prepared to represent Defendant. *Id.* ¶ 7

    Under the Local Rules of this District "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court. After a case has been first set for trial, substitution and withdrawal shall not be permitted except by leave of Court." L.R. 102.1. The New Jersey Rules of Professional Conduct govern the circumstances under which an attorney may withdraw. L.R. 103.1(a). With certain exceptions not relevant here, an attorney may be granted leave of court to withdraw in only the following circumstances:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

N.J. Rules Prof'l Conduct R. 1.16(b). If one or more of these circumstances are met, the district court may weigh certain non-exclusive factors including the reasons for withdrawal, the prejudice withdrawal may cause to other litigants, the harm withdrawal might cause to the administration of justice, and the degree to which withdrawal will delay the resolution of the case to determine if leave should be granted. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996) (citation omitted).

Price moves to withdraw on grounds (5), (6) and (7) under Professional Conduct Rule 1.16. ECF No. [57-2] at 5. Based on the affidavit of counsel and the representations in the Motion, the Court finds withdrawal is permitted under Professional Conduct Rule 1.16. Defendant has repeatedly failed to cooperate with her attorneys and to refrain from contacting the Court on her own, despite warnings from her counsel. Moreover, continuing to represent Defendant in this matter presents an unreasonable financial burden on Price considering the outstanding invoices which Defendant has failed to pay, despite her promises to do so.

Weighing the factors in *Rusinow*, the Court finds withdrawal warranted. Price has articulated good cause for withdrawal and Defendant has not opposed the Motion nor contacted the Court since its filing. Further, the Court sees no obvious harm or delay presented by the withdrawal. The Court will thus permit Price to withdraw its appearances on behalf of Defendant.

For the reasons stated above, Price's Motion, ECF No. [57] is **GRANTED**. An appropriate order will follow.


                                             */s/ William J. Martini*
                                           **WILLIAM J. MARTINI, U.S.D.J.**


**Date: November 13, 2018**