# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB as Trustee of Stanwich Mortgage Loan Trust A,<br><br>Plaintiff,<br><br>v.<br><br>BERYL OTIENO-NGOJE,<br><br>Defendant. | Civ. No. 2:16-05631<br><br>ORDER |

### WILLIAM J. MARTINI, U.S.D.J.:

**THIS MATTER** comes before the Court upon *pro se* Defendant Beryl Otieno-Ngoje's Notice of Motion Requesting Permission to File and Over-Length Statement of Facts and Brief, ECF No. [69] ("Notice"), filed on June 5, 2019. For the reasons set forth below, Defendant's request is **DENIED.**

On December 3, 2018, Defendant filed a document, docketed as an application/petition and styled as a request for summary judgment. ECF No. [61]. The Court construed the filing as a motion for summary judgment and found that it failed to comply with the Local Civil Rule 56.1(a) which requires that "[o]n motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L.R. 56.1(a). Because "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed," the Court denied Defendant's motion for summary judgment without prejudice. ECF No. [63].

On March 22, 2019, Defendant again filed a document, docketed as an application/petition and styled as "Notice of Motion for Summary Judgment." ECF No. [64]. In the Notice, Defendant states that she intends to move for summary judgment on March 28, 2019, and her motion relies on a memorandum of law and proposed order "attached herewith," although no such documents were attached. *Id.* On March 26, 2019, Defendant filed a letter requesting guidance from the Court regarding her anticipated motion for summary judgment and whether she must seek leave of Court to file such motion. ECF No. [66]. Defendant further requested that the Court not deny her

motion based on "technicalities of law." *Id.* In response, on March 28, 2019, Plaintiff Wilmington Savings Fund filed a letter requesting guidance from the Court regarding whether it should respond to Defendant's motion, and if so, upon what schedule. ECF No. [65]. Defendant did not file any additional papers in support of her motion for summary judgment on March 28, 2019 beyond a single paragraph "Notice of Motion" requesting permission to file her motion for summary judgment.

On April 3, 2019, the Court entered an order construing Defendant's Notices of Motion as a motion for summary judgment and denying her motion without prejudice for failure to comply with the applicable procedural rules since her filings failed to state the grounds on which she sought to move for summary judgment and failed to include a statement of material facts. ECF No. [67]. This was the second time the Court denied Defendant's motion for summary judgment without prejudice based on failure to comply with the applicable rules. *Cf.* ECF Nos. [63] & [67]. In the Order, the Court stated:

> Should Defendant wish to file a motion for summary judgment, **such motion must be filed on or before April 12, 2019**. The filing must include a memorandum in support of the motion and a statement of undisputed facts. Opposition papers shall be due on **April 22, 2019** and reply papers due on **April 29, 2019**. The motion shall be returnable on **May 6, 2019**.

ECF No. [67] at 2 (emphasis in original).

Defendant did not file her motion in accordance with this Court's April 3, 2019 Order. Instead on June 5, 2019, Defendant filed the instant Notice requesting permission to file a seventy-page brief and a statement of material facts with an "additional forty more pages." ECF No. [69]. In the Notice, Defendant explains that her request is "[d]ue to the complexity of the issues and the unusual length of the records involved . . . ." *Id.* She does not acknowledge that her Notice was filed nearly two months after the deadline for her to file her motion as set by the Court in it April 3, 2019 Order, and explicitly states "I am not looking for an extension of time, as my motion is ready." *Id.*

This request is ostensibly Defendant's third attempt to file a motion for summary judgment over seven months. For each attempt, despite direction from this Court, Defendant has flouted the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders. While the Court recognizes that Defendant proceeds *pro se*, this does not mean that Defendant may ignore Court orders and attempt to litigate this matter outside the bounds of the applicable rules. *Bizzell v. Tennis*, 449 F. App'x 112, 115 (3d Cir. 2011) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")). Because the Notice was filed after the Court-ordered deadline to file her motion, the Court construes the Notice as a motion for an extension of time and a motion to file an enlarged brief. These motions are **DENIED**. Defendant offers not explanation as to why she failed to comply with the

Court's orders, and the Court has given Defendant ample opportunities to file her motion—after each of which Defendant ignored the Court's orders.

Based on the record before the Court, it is unclear whether Plaintiff intended to cross-move for summary judgment once Defendant filed her motion.  Accordingly, should Plaintiff wish to file a motion for summary judgment, such motion shall be filed on or before **July 12, 2019**.  Any opposition papers shall be filed on or before **July 22, 2019**.  Reply papers shall be filed on or before **July 29, 2019**.  The Motion shall be returnable on **August 5, 2019**.  The Court reminds the parties that these deadlines are **FIRM.**  Should Plaintiff choose not to file a motion for summary judgment, this matter will be set for trial.

**Dated: June 20, 2019**

                                          */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**