UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB as Trustee of Stanwich Mortgage Loan Trust A,**<br><br>    Plaintiff,<br><br>    v.<br><br>**BERYL OTIENO-NGOJE,**<br><br>    Defendant. | Civ. No. 2:16-cv-05631 (WJM)<br><br>**OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

On February 14, 2020, the Court granted Plaintiff Wilmington Savings Fund Society's ("Wilmington") motion for summary judgment. ECF No. 86. On February 26, 2020, judgment was entered in favor of Wilmington and against Defendant Beryl Otieno-Ngoje in the amount of $340,544.65. ECF No. 88. On March 2, 2020, Defendant filed a notice of appeal, ECF No. 90, and a "Motion to Stay for Recovery of $340,544.67." ECF 89. Plaintiff construes this as a motion to stay enforcement of the judgment. The filing consisted of only a notice of motion, unaccompanied by a memorandum of law. *Id*.

Federal Rule of Civil Procedure 62(b) allows for an automatic stay of proceedings to enforce a judgment if the party seeking the stay provides a bond or other security for the judgment. *Pharmacia Corp. v. Motor Carrier Serv. Corp.*, 2008 WL 852255 at *1 (D.N.J. Mar. 28, 2008) (an appellant is "entitled to a stay of a money judgment as a matter of right if he posts a [supersedeas] bond" in accordance with Rule 62). Defendant has not provided a supersedeas bond or other security.

Where the debtor seeks a stay without posting full security, the appellant must demonstrate the existence of "exceptional circumstances." *Id.* at *4. In evaluating whether "exceptional circumstances" exist, the courts in the District consider the *Dillon* factors: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the debtor in an insecure position." *Hurley v. Atlantic City Police Dept.*, 944 F. Supp. 371, 374 (D.N.J. 1996) (citing *Dillon v. City of*

*Chicago*, 866 F.2d 902, 904-05). The judgment debtor bears the burden of demonstrating objectively the need for departure form the usual requirement of full security. *Naughton v. Harmelech*, 2016 WL 7045712, at *2 (D.N.J. Dec. 1, 2016).

On November 17, 2016, the Court ordered that a constructive trust and equitable lien in favor of Plaintiff be placed on $163,000 paid by Defendant to the Sheriff of Essex County, New Jersey for the purpose of purchasing three properties unrelated to the litigation. ECF Nos. 12, & 18-2. Defendant clarifies that her motion is to "stay transfer of funds" presumably referring to the $163,000, although she consistently refers to "approximately $200,000." To the extent Defendant argues that these funds qualify as sufficient security to stay enforcement of the judgment pending appeal, the Court DENIES Defendant's motion for failure to satisfy any of the *Dillon* factors or otherwise demonstrate that an extraordinary circumstance justifies doing so. *See* ECF No. 93 ¶¶ 4-7. The Court DENIES Defendant's request to stay transfer of funds for failure to articulate any reason unrelated to issues disposed of on summary judgment.

**Dated: May 21, 2020**

                                             */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**